Brook B. Bond, ISB No. 6340
Dana M. Herberholz, ISB No. 7440
ZARIAN MIDGLEY & JOHNSON PLLC
University Plaza
960 Broadway Ave., Ste. 250
Boise, Idaho 83706
Telephone:  (208) 562-4900
Facsimile:  (208) 562-4901
E-Mail:  bond@zarianmidgley.com
        herberholz@zarianmidgley.com

Attorneys for Defendant OneBeacon
  America Insurance Company

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **HUNTSMAN ADVANCED MATERIALS LLC,**<br>          Plaintiff,<br><br>vs.<br><br>**ONEBEACON AMERICA INSURANCE COMPANY** and **SPARTA INSURANCE COMPANY,** formerly known as **AMERICAN EMPLOYERS' INSURANCE COMPANY,**<br><br>          Defendants. | Case No.  CV-08-229-CWD<br><br>**ONEBEACON AMERICA INSURANCE COMPANY'S ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY**<br>**Fed. R. Civ. P. 38(b)** |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant OneBeacon America Insurance Company ("OneBeacon"), responds to the Complaint of Plaintiff Huntsman Advanced Materials LLC ("Huntsman"), as follows.

OneBeacon denies each and every allegation contained in the Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted fact, not as to any purported conclusions, characterizations, implications, or

ONEBEACON AMERICA INSURANCE COMPANY'S ANSWER TO COMPLAINT - 1

speculations that arguably follow from the admitted facts.  OneBeacon denies that Huntsman is entitled to the relief requested.

1.      Answering Paragraph 1 of the Complaint, Defendant OneBeacon admits that this is an action for breach of contract, declaratory judgment and damages which seeks a declaration of the rights, duties and liabilities of the Parties under liability insurance policies allegedly issued to Plaintiff's alleged predecessors in interest by OneBeacon and/or its predecessors in interest. OneBeacon admits that this action relates to OneBeacon's refusal to defend and/or indemnify Plaintiff for alleged liabilities arising out of the North Maybe Mine Hazardous Waste Site located in Caribou County, Idaho; and Plaintiff seeks damages for the alleged breach of the Defendants' contractual duties in this action.

2.      Answering Paragraph 2 of the Complaint, Defendant OneBeacon admits that Plaintiff allegedly brings the action pursuant to the Declaratory Judgment Act and also bases jurisdiction on diversity of citizenship.  OneBeacon has no knowledge sufficient to form a belief regarding the truth of the allegation regarding Huntsman's status as a limited liability company or Huntsman's principal place of business and demands strict proof thereof at trial.  OneBeacon admits that it is a Massachusetts corporation with its principal place of business in Boston, Massachusetts and does business in Idaho.   OneBeacon admits that American Employers' Insurance Company is a Massachusetts corporation and changed its name to Sparta Insurance Company.  OneBeacon has no knowledge sufficient to form a belief regarding the truth of the allegation that Sparta Insurance Company's principal place of business is Boston, Massachusetts or that Sparta Insurance Company does business in Idaho.

3.      Answering Paragraph 3 of the Complaint, Defendant OneBeacon admits that Plaintiff based its venue argument upon the reasons set forth in Paragraph 3 of the Complaint. OneBeacon denies that it transacted business within the State of Idaho with respect to the issuance of any of the alleged policies at issue in this case, denies that contracting to insure

property or risks located within the State of Idaho constitutes doing or conducting business within the State of Idaho, and demands strict proof thereof at trial.

4.      Answering Paragraph 4 of the Complaint, Defendant OneBeacon has no knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 4 of the Complaint and demands strict proof thereof at trial.

5.      Answering Paragraph 5 of the Complaint, Defendant OneBeacon admits that it is the successor in interest to Employers Surplus Lines Insurance Company, and admits that Employer Surplus Lines Insurance Company issued umbrella and/or excess liability policies of insurance to El Paso Natural Gas Products Company and El Paso Products Company. Otherwise, OneBeacon denies any and all other allegations contained in Paragraph 5 and demands strict proof thereof at trial.

6.      Answering Paragraph 6 of the Complaint, Defendant OneBeacon admits that its predecessor(s) in interest issued insurance policies to El Paso Natural Gas Products Company and El Paso Products Company.   Otherwise, Defendant OneBeacon denies any and all allegations contained in Paragraph 6 of the Complaint and demands strict proof thereof at trial.

7.      Answering Paragraph 7 of the Complaint, Defendant OneBeacon denies the allegations contained in Paragraph 7 of the Complaint and demands strict proof thereof at trial. OneBeacon denies that it necessarily "provided insurance coverage for the Insured for liability arising out of the North Maybe Mine property from 1964-1971" as set forth in Paragraph 7 of the Complaint and demands strict proof thereof at trial.  OneBeacon denies that the named insured description accurately reflects the named insured on each of the policies, denies that the descriptions of the policy limits accurately reflect the terms of the various policies, and demands strict proof thereof at trial.  Alleged policy A30-9002-43 has not been located, so the named insured and terms have not yet been determined.

8.      Answering Paragraph 8 of the Complaint, Defendant OneBeacon admits that the quoted language appears in the two policies identified.   The insurance policies speak for

themselves.  OneBeacon denies that this quoted language constitutes the totality of the insuring language of the policies and demands strict proof thereof at trial.

9.      Answering Paragraph 9 of the Complaint, Defendant OneBeacon denies the allegations in Paragraph 9 of the Complaint and denies that the quoted language actually reflects the language in the policies identified.  The policies speak for themselves.  Alleged policy A30-9002-43 has not been located, so the terms have not yet been determined.  Further, OneBeacon denies this quoted language constitutes the totality of the insuring language of the policies and demands strict proof thereof at trial.

10.      Answering Paragraph 10 of the Complaint, Defendant OneBeacon denies the allegations contained in Paragraph 10 of the Complaint, denies that the quoted language appears in the policies identified and demands strict proof thereof at trial.  The policies speak for themselves.  Alleged policy A30-9002-43 has not been located, so the terms have not yet been determined.

11.      Answering Paragraph 11 of the Complaint, Defendant OneBeacon denies the allegations contained in Paragraph 11 of the Complaint, denies that the quoted language appears in the policies identified, and demands strict proof thereof at trial.  The policies speak for themselves.

12.      Answering Paragraph 12 of the Complaint, Defendant OneBeacon denies the allegations contained in Paragraph 12 of the Complaint and demands strict proof thereof at trial.  While OneBeacon admits that Policy S-1083 contains language similar to that quoted, OneBeacon denies that the language is identical to that quoted and denies that the policy "reads substantially" as quoted.  The policy speaks for itself.

13.      Answering Paragraph 13 of the Complaint, Defendant OneBeacon denies the allegations contained in Paragraph 13 of the Complaint and demands strict proof thereof at trial.  The policies speak for themselves.  While OneBeacon admits that some of the policies contain a similar definition, the language is not identical.  OneBeacon denies the language appears as quoted and denies the characterization thereof as set forth in Paragraph 13 of the Complaint.

14.     Answering Paragraph 14 of the Complaint, Defendant OneBeacon has no knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 14 of the Complaint and demands strict proof thereof at trial.

15.     Answering Paragraph 15 of the Complaint, Defendant OneBeacon has no knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 15 of the Complaint and demands strict proof thereof at trial.

16.     Answering Paragraph 16 of the Complaint, Defendant OneBeacon admits that in a letter dated February 27, 2004, which the United States Department of Agriculture, Forest Service, allegedly sent to Huntsman Polymer Corporation identifies Huntsman Polymer Corporation as a Potentially Responsible Party under CERCLA Section 107(a), 42 U.S.C. § 9607 and requests that Huntsman Polymer Corporation participate in the development and funding of a Site Investigation and Engineering Evaluation/Cost Analysis pursuant to an Administrative Order of Consent. The letter speaks for itself. OneBeacon denies that such a request was made of the "Insured" and demands strict proof thereof at trial. OneBeacon admits that the above-identified letter described the site being investigated as an inactive open pit phosphate mine, associated overburden piles and affected downstream lands located approximately 13 air miles northwest of Soda Springs, Idaho; and identified the principal contaminant of concern at the time as selenium. OneBeacon also admits that the above-identified letter characterizes selenium as a CERCLA hazardous substance which poses an environmental threat and may also present a threat to human health. OneBeacon also admits that the letter characterizes a source of the selenium as the South Maybe Mine and the North Maybe Mine. OneBeacon also admits that the letter characterizes Huntsman Polymers Corporation as a PRP as the successor to El Paso Products Company which allegedly leased the North Maybe Mine from 1964-1972 and mined the North Maybe Mine from 1965-1967. Otherwise, OneBeacon denies any and all allegations contained in Paragraph 16 of the Complaint and demands strict proof thereof at trial.

17.     Answering Paragraph 17 of the Complaint, Defendant OneBeacon admits that the February 27, 2004 letter from the U.S. Forest Service states that selenium contamination "poses

an environmental threat and may also present a threat to human health." The letter speaks for itself. Otherwise, OneBeacon denies any and all allegations contained in Paragraph 17 of the Complaint and demands strict proof thereof at trial.

18.  Answering Paragraph 18 of the Complaint, Defendant OneBeacon denies the allegations contained in Paragraph 18 of the Complaint and demands strict proof thereof at trial.

19.  Answering Paragraph 19 of the Complaint, Defendant OneBeacon denies the allegations contained in Paragraph 19 of the Complaint and demands strict proof thereof at trial.

20.  Answering Paragraph 20 of the Complaint, Defendant OneBeacon admits that Huntsman Polymers Corporation submitted information to American Employers Insurance Company through a letter dated January 21, 2005. The letter speaks for itself. OneBeacon also admits that in or about May, 2007 Resolute Management Inc., on behalf of OneBeacon, requested additional information. OneBeacon also admits that Resolute Management Inc., on behalf of OneBeacon, wrote a letter to Huntsman Corporation dated June 13, 2007. The letter speaks for itself. OneBeacon denies that the letter "confirmed issuance of the policies at issue to El Paso Products Company and El Paso Natural Gas Products Company" and demands strict proof thereof at trial. OneBeacon also denies that Huntsman Corporation provided all of the information sought and demands strict proof thereof at trial. OneBeacon denies the remainder of the allegations contained in Paragraph 20 of the Complaint and demands strict proof thereof at trial.

21.  Answering Paragraph 21 of the Complaint, Defendant OneBeacon admits that Resolute Management Inc. sent a letter dated December 18, 2007 to Huntsman Corporation. The letter speaks for itself. OneBeacon denies the remainder of the allegations contained in Paragraph 21 of the Complaint and demands strict proof thereof at trail.

22.  Answering Paragraph 22 of the Complaint, Defendant OneBeacon reaffirms and realleges responses to Paragraphs 1-21, above.

23.  Answering Paragraph 23 of the Complaint, Defendant OneBeacon denies the allegations contained in Paragraph 23 of the Complaint and demands strict proof thereof at trial.

24.     Answering Paragraph 24 of the Complaint, Defendant OneBeacon denies the allegations contained in Paragraph 24 of the Complaint and demands strict proof thereof at trial.

25.     Answering Paragraph 25 of the Complaint, Defendant OneBeacon denies the allegations contained in Paragraph 25 of the Complaint and demands strict proof thereof at trial.

26.     Answering Paragraph 26 of the Complaint, Defendant OneBeacon reaffirms and realleges responses to Paragraphs 1-25 above.

27.     Answering Paragraph 27 of the Complaint, Defendant OneBeacon denies the allegations contained in Paragraph 27 of the Complaint and demands strict proof thereof at trial.

28.     Answering Paragraph 28 of the Complaint, Defendant OneBeacon denies the allegations contained in Paragraph 28 of the Complaint and demands strict proof thereof at trial.

## RESPONSE TO PRAYER FOR RELIEF

OneBeacon denies that Huntsman is entitled to the relief requested in the Prayer (1 through 5).

## AFFIRMATIVE DEFENSES

Defendant OneBeacon sets forth the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action against Defendant OneBeacon, in that OneBeacon owes no duty, by contract, statue or otherwise to Plaintiff for coverage for the alleged losses specified and/or the allegations made in the Complaint.  Therefore, Plaintiff is not entitled to the relief as set forth in the Complaint.

## SECOND AFFIRMATIVE DEFENSE

No policy at issue identified in the Complaint provides coverage for personal injury or property damages that was either expected or intended by the Plaintiff, the Plaintiff's predecessor(s) in interest or the insured.  Additionally, no policy at issue identified in the

ONEBEACON AMERICA INSURANCE COMPANY'S ANSWER TO COMPLAINT - 7

Complaint provides coverage for property damages where the resulting damage was either expected or intended by the Plaintiff, the Plaintiff's predecessor in interest or the insured. Defendant OneBeacon is informed and believes and thereon alleges that the claims made against Plaintiff referred to in the Complaint arise from damage to the insured, if any there was, that was either expected or intended in whole or in part by the Plaintiff, the Plaintiff's predecessor(s) in interest or the insured and thus, any coverage afforded by any policy at issue identified in the Complaint must be reduced, barred, restricted or limited accordingly.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a declaration concerning claims that might be asserted in the future, or which are presently only a hypothetical dispute.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint does not set forth an actual controversy upon which a declaratory judgment may be rendered to the extent it seeks an advisory ruling on hypothetical facts or seeks remedy not provided under law.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint does not set forth an actual controversy upon which a declaratory judgment may be rendered to the extent the matters alleged therein are not ripe for adjudication.

### SIXTH AFFIRMATIVE DEFENSE

The claims referred to in the Complaint are barred in whole or in part by the terms, exclusions, conditions, definitions and limitations contained in any or all alleged policies at issue identified in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

The alleged policies at issue identified in the Complaint provide coverage only for bodily injury or property damages which occur during the policy period.  Coverage, if any, for the claims described in the Complaint is barred in whole or in part to the extent that those claims relate to suits, claims or matters brought against Plaintiff for bodily injury or property damage which did not occur during an applicable policy period; and coverage, if any, must thus be reduced, barred, restricted, or limited accordingly.

**EIGHTH AFFIRMATIVE DEFENSE**

The alleged policies at issue identified in the Complaint provide coverage only for bodily injury or property damages which is manifested during the policy period.  Coverage, if any, for the claims described in the Complaint is barred in whole or in part to the extent that those claims relate to suits, claims or matters brought against Plaintiff for bodily injury or property damage which had not manifested during an applicable policy period; and coverage, if any, must thus be reduced, barred, restricted, or limited accordingly.

**NINTH AFFIRMATIVE DEFENSE**

The alleged policies at issue identified in the Complaint provide coverage only for bodily injury or property damages as a result of the insured(s)'s acts.  Coverage, if any, for the matters described in the letter from the U.S. Forest Service dated February 27, 2004 is barred in whole or in part to the extent that those matters that are not the result of the activity of the insured(s); and coverage, if any, must thus be reduced, barred, restricted or limited accordingly.

**TENTH AFFIRMATIVE DEFENSE**

The alleged policies at issue identified in the Complaint do not provide coverage for amounts voluntarily paid in the underlying action.  Defendant OneBeacon is informed and

believes that voluntary payments have been made; thus, to such extent, Defendant OneBeacon does not have any defense or indemnity obligation for such under any alleged policies at issue identified in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims against Defendant OneBeacon are barred in whole or in part by the doctrines of unclean hands, laches, estoppel and/or waiver, and the relief sought must thus be reduced, barred, limited, or restricted accordingly.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant OneBeacon is informed and believes, and thereon alleges, that as respects the matters alleged in the Complaint, Plaintiff was under a duty to mitigate, minimize or avoid such losses, if any there were. The claims against Defendant OneBeacon are barred to the extent that Plaintiff failed to mitigate, minimize, or avoid such losses.

## THIRTEENTH AFFIRMATIVE DEFENSE

Coverage under any alleged policies at issue identified in the Complaint is barred in whole or in part because the events giving rise to the claims or matters referred to in the Complaint do not constitute an "occurrence" or "accident" within the meaning of any alleged policies at issue identified in the Complaint. Thus, Defendant OneBeacon has no obligations with respect to the claims or matters referred to in the Complaint, and relief sought must be thus reduced, barred, restricted, or limited accordingly.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent any alleged policies at issue identified in the Complaint cover the alleged liabilities, Defendant is informed and believes, and thereon alleges that any such policy or policies only cover amounts in excess of the retained limit of the policies, as well as excess of

any other insurance available to Plaintiff.  As a necessary precondition, before any indemnity duty under any alleged policies at issue identified in the Complaint exists; and subject to all other terms, conditions and exclusions; all such other insurance must be exhausted.  Defendant alleges that other available insurance has not been exhausted, and accordingly, no duty on the part of Defendant OneBeacon exists relative to the underlying suit, action or matter as alleged in Plaintiff's Complaint.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

Each alleged policy at issue identified in the Complaint requires notice of the relevant matters alleged by the U.S. Forest Service's letter of February 27, 2004 or any suit, action or relevant matter as soon as practicable.  OneBeacon is informed and believes that it was not given notice in such manner, that such failure prejudiced OneBeacon's rights, and thus any coverage under each and every relevant policy must be reduced, barred, restricted, or limited accordingly.

## SIXTEENTH AFFIRMATIVE DEFENSE

Coverage, if any, is barred, in whole or in part, to the extent that any acts or omissions by Plaintiff, Plaintiff's predecessor(s) in interest or the insured which gave rise to Plaintiff's potential liability for the matters alleged in the Complaint, were in violation of law and/or public policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent the losses referred to in the Complaint arise from costs of compliance with administrative regulations, injunctive, restititonary or equitable relief, and/or for preventative or prophylactic measures, there is no coverage under any alleged policy at issue identified in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that the losses referred to in the Complaint do not constitute "damages" within the provisions of the alleged policies at issue identified in the Complaint, and the relief sought must thus be reduced, barred, restricted, or limited accordingly.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that the alleged damages referred to in the Complaint do not constitute "property damage" within the provisions of any alleged policy at issue identified in the Complaint, and the relief sought must thus be reduced, barred, or limited accordingly.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and thereon alleges, that Plaintiff failed to join as parties to this proceeding all insurers who afforded insurance to Plaintiff or Plaintiff's predecessor(s) in interest and who might be responsible for some, or all, of the damages allegedly sustained by Plaintiff, if any there were. Accordingly, all necessary parties for a full and fair resolution of the matters alleged in the Complaint are not now before this Court, and this Court therefore lacks jurisdiction referred to in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

No alleged policy at issue identified in the Complaint covers (in whole or in part) fines, penalties, or punitive damages. The claims against Defendant OneBeacon are barred, in whole or in part, to the extent such claims relate to fines, penalties, or punitive damages to Plaintiff or Plaintiff's predecessor(s) in interest or the insured.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant OneBeacon has no duties under any alleged policy at issue identified in the Complaint to the extent liability is restricted by limits of otherwise applicable or available insurance, deductibles, self-insured retentions and/or retrospective rating plans.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

No alleged policy at issue identified in the Complaint covers damage to property in Plaintiff's, Plaintiff's predecessor(s) in interest's, or the insured's custody, care, or control; or as to which Plaintiff, Plaintiff's predecessor(s) in interest or the insured was for any purpose exercising physical control. The claims against Defendant OneBeacon are therefore barred, in whole or in part, to the extent that those claims relate to "property damage," if any there was, to such property.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

No alleged policy at issue identified in the Complaint covers damage to property which Plaintiff, Plaintiff's predecessor(s) in interest or the insured owned, rented, or occupied. The claims against Defendant OneBeacon are therefore barred, in whole or in part, to the extent that those claims relate to "property damage," if any there was, to such property.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

No alleged policy at issue identified in the Complaint covers damage to property which Plaintiff, Plaintiff's predecessor(s) in interest or the insured sold, gave away or abandoned. The claims against Defendant OneBeacon are therefore barred, in whole or in part, to the extent that those claims relate to "property damage," if any there was, to such property.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

OneBeacon is informed and believes, and thereon alleges that the losses, if any there were, as alleged in the Complaint, arose in whole or in part from intentional and/or willful conduct. There is no coverage under any alleged policy at issue identified in the Complaint to the extent that the claims relate to losses which arose out of intentional and/or willful conduct.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

No alleged policy at issue identified in the Complaint provides coverage, in whole or in part, to the extent that the claims referred to in the Complaint pertain to the failure of Plaintiff's, Plaintiff's predecessor(s) in interest's, or the insured's products or work to meet the level of performance, quality, design or fitness warranted by Plaintiff, Plaintiff's predecessor(s) in interest, or the insured.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent that the subject claims involve alleged damages based upon Plaintiff's, Plaintiff's predecessor(s) in interest's or the insured's alleged breach of contract and/or fraudulent misrepresentations, coverage is excluded under each and every alleged policy at issue identified in the Complaint.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's liability, if any, arises from contractual obligations, and the loss arising there from is not a measure of damage to property, there is no coverage under any alleged policy at issue identified in the Complaint.

## THIRTIETH AFFIRMATIVE DEFENSE

To the extent indemnification is sought for any loss which has not yet arisen and/or for amounts not yet paid, OneBeacon is not under any obligation to respond under any alleged policy at issue identified in the Complaint.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

No alleged policy at issue identified in the Complaint provides coverage, in whole or in part, to the extent the damages, if any, are not excess of the retained limit, within the definition of a claim expense, ultimate net loss, excess loss, or is otherwise not covered under any alleged policy at issue identified in the Complaint.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

As to the matters alleged in the Complaint, there is no coverage under any alleged policy at issue identified in the Complaint to the extent that the losses sustained, if any there were, or which might be sustained in the future, did not arise from a contingent or unknown event at the time of the inception of any such policy.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The Complaint does not sufficiently allege all facts necessary for OneBeacon to determine whether other defenses exist; and therefore, OneBeacon reserves the right to raise additional policy defenses and exclusions as additional affirmative defenses upon discovery of further information regarding the matters alleged in the Complaint.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

OneBeacon is informed and believes and thereon alleges that the claims referred to in the Complaint are barred by the applicable Pollution Exclusions found within the policies at issue

identified in the Complaint including, but not limited to, the alleged policies bearing the numbers S-1602117, S-1603530, AE-8002-068, S-1602583, A 30-8002-062 and/or A30-9002-43.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

The claims referred to in the Complaint may be barred in whole or in part by any applicable policy condition in the alleged policies at issue in the Complaint which provide that no action shall lie against Defendant until the amount of the insured's obligation to pay has been finally determined by judgment or written agreement between the insured, applicable insurance carrier, and the claimant.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendant OneBeacon alleges that Plaintiff, Plaintiff's predecessor(s) in interest, and/or insured have failed to comply with the applicable provisions of the alleged policies, and on that basis, OneBeacon denies liability.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent that the underlying matter seeks punitive damages, and/or is against public policy, therefore such claims are not covered by any alleged policies at issue identified in the Complaint.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is collaterally estopped from litigating issues which have been decided in prior proceedings.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

No alleged policy at issue identified in the Complaint covers liabilities arising from the conduct of an entity acquired by Plaintiff, Plaintiff's predecessor(s) in interest or the insured after the commencement of the policy, and which (i) the insured did not inform the relevant

insurance carrier; and (ii) the relevant insurance carrier did not consent to insure pursuant to the terms of the policy(ies).

## FORTIETH AFFIRMATIVE DEFENSE

No alleged policy at issue identified in the Complaint permits an action to lie against Defendant OneBeacon unless the insured fully complies with all the terms of the policies and the amount of the insured's obligation to pay shall have been finally determined either by judgment or agreement of the insured, the claimant and OneBeacon or other relevant insurance carrier. OneBeacon is informed and believes that the insured has not fully complied with all the terms of the policies and the amount of the insured's obligation to pay has not been finally determined either by judgment or agreement of the insured, the claimant and OneBeacon or other relevant insurance carrier.

## FORTY-FIRST AFFIRMATIVE DEFENSE

The claims referred to in the Complaint may be barred, in whole or in part, by any applicable policy exclusions providing that coverage does not apply to that particular part of property that must be restored, repaired, or replaced because Plaintiff's, Plaintiff's predecessor(s) in interest's and/or the insured's work was incorrectly performed on the property.

## FORTY-SECOND AFFIRMATIVE DEFENSE

The claims referred to in the Complaint may be barred in whole or in part by any applicable policy exclusion providing that coverage does not apply to that particular part of real property on which you or any subcontractors performed operations, if the property damage arose out of those operations.

ONEBEACON AMERICA INSURANCE COMPANY'S ANSWER TO COMPLAINT - 17

## FORTY-THIRD AFFIRMATIVE DEFENSE

To the extent that any injury or damage alleged in the Complaint concerns any expense, payment or obligation which OneBeacon or OneBeacon's predecessor(s) in interest are required to pay only by their consent and which the insured failed to obtain such consent; Plaintiff's claims are barred accordingly.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that any injury or damage arose out of operations, the alleged policies at issue as identified in the Complaint limit potential coverage by the "completed operations hazard" insofar as the alleged property damage occurred, if at all, at the premises owned, rented or occupied by the insured and after such operations were completed or abandoned.  Plaintiff's claims must therefore be reduced, barred, restricted or limited accordingly.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that any alleged property damage arose at the premises owned by, rented to, or occupied by the insured, the "products hazard" provisions of the alleged policies at issue as identified in the Complaint limit potential coverage and coverage, if any, afforded by any or all of the alleged policies at issue identified in the Complaint must be reduced, barred, restricted or limited accordingly.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Coverage under any or all of the alleged policies at issue identified in the Complaint, if any exists, is barred by the fortuity doctrine.  OneBeacon is informed and believes that the facts show there is no fortuity, but the damage or losses, if any there were, were planned, intended or anticipated by the insured.

ONEBEACON AMERICA INSURANCE COMPANY'S ANSWER TO COMPLAINT - 18

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Coverage under any alleged policy at issue identified in the Complaint, if any such coverage may exist, is barred by the known loss doctrine.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Coverage under any or all of the alleged policies at issue identified in the Complaint, if any such coverage may exist, is barred by the "loss in progress" rule.

### FORTY-NINTH AFFIRMATIVE DEFENSE

Coverage under any or all of the alleged policies at issue identified in the Complaint, if any such coverage may exist, is limited by the applicable aggregate limits identified therein.

### FIFTYETH AFFIRMATIVE DEFENSE

Insofar as any of the alleged policies at issue identified in the Complaint contain "deemer" clauses, OneBeacon's liability, if any such exists, must be reduced, barred, restricted or limited accordingly.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

Insofar as any of the alleged polices at issue identified in the Complaint are found to provide coverage for the matters identified in the Complaint, the loss must be appropriated among any and all triggered and applicable insurance policies according to law.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

The alleged PRP letter from the U.S. Forest Service dated February 27, 2004 is not a "suit" and does not give rise to a duty to defend or indemnify under any of the alleged policies at issue identified in the Complaint.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff possesses no rights under any of the alleged policies at issue identified in the Complaint as Plaintiff is not the insured and did not acquire the rights under any or all of the alleged policies at issue identified in the Complaint.

## PRAYER FOR RELIEF

**WHEREFORE, OneBeacon prays for Judgment against Huntsman as follows:**

1.   That Huntsman Complaint be dismissed with prejudice, and that Huntsman take nothing thereby;

2.   That OneBeacon be determined to have no obligation relative to any matter alleged in the complaint and be awarded its reasonable costs and attorney's fees necessarily incurred in defending and prosecuting this action pursuant to applicable state and/or federal law including I.C. §§ 12-120 and 12-121.

3.   That the Court enter judgment that this case is an exceptional case under 35 U.S.C. § 285, and enter a judgment awarding OneBeacon its costs and reasonable attorneys' fees;

4.   That OneBeacon be awarded relief under 28 U.S.C. § 2202; and

5.   That the Court grants OneBeacon whatever further relief the Court deems just and proper.

DATED this 30th day of July, 2008.

ZARIAN MIDGLEY & JOHNSON PLLC


By: _____
    Brook B. Bond
    Attorneys for Defendant OneBeacon
    America Insurance Company

## JURY TRIAL DEMANDED

Defendant OneBeacon hereby demands a jury trial on all issues pursuant to Federal Rules of Civil Procedure 38(b).

DATED this 30th day of July, 2008.

ZARIAN MIDGLEY & JOHNSON PLLC

By: _____

Brook B. Bond
Attorneys for Defendant OneBeacon
America Insurance Company

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of July, 2008, I electronically filed the foregoing **ONEBEACON AMERICA INSURANCE COMPANY'S ANSWER TO COMPLAINT** with the Clerk of the Court, using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

> James L. Martin
> Tyler J. Anderson
> MOFFATT, THOMAS, BARRETT,
> ROCK & FIELDS, CHARTERED
> 101 S. Capitol Blvd., 10th Floor
> P. O. Box 829
> Boise, ID 83701
> Telephone: 208.345.2000
> Facsimile: 208.385.5384
> Email: jlm@moffatt.com
>        tya@mofffatt.com

> David M. Byers
> W. George Bassett
> GRAHAM & DUNN PC
> Pier 70, Suite 300
> 2801 Alaskan Way
> Seattle, WA 98121-1128
> Telephone: 206.624.8300
> Facsimile: 206.340.9599
> Email: dbyers@grahamdunn.com
>        gbassett@grahamdunn.com

Brook B. Bond

ONEBEACON AMERICA INSURANCE COMPANY'S ANSWER TO COMPLAINT - 22