UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HUNTSMAN ADVANCED MATERIALS LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ONEBEACON AMERICA INSURANCE COMPANY, and SPARTA INSURANCE COMPANY, formerly known as AMERICAN EMPLOYERS' INSURANCE COMPANY,<br><br>　　　　　　　Defendants. | Case No. 1:08-cv--00229-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendants' Motion for Leave to Reopen Discovery in Compliance with Dkt . 122 (Dkt. 127), and Defendants' Motion for Leave to File Third Party Complaint (Dkt. 128).

## BACKGROUND

This is an environmental insurance coverage case. It involves a phosphate mine in Caribou County, Idaho called the North Maybe Mine. Huntsman is the successor in interest of commercial general liability insurance policies purchased from OneBeacon in

**MEMORANDUM DECISION AND ORDER - 1**

the 1960s and 70s. The background facts of the case are set out in detail in the Court's earlier decisions, and will not be repeated here. Procedurally, the indemnity phase of the case has been stayed until the RI/FS is concluded.

1.    **RI/FS Costs**

Before addressing OneBeacon's motion to reopen discovery, the Court will state its position on whether RI/FS costs are defense costs or indemnity costs. The Court already explained its position in the related case of *Wells Cargo, Inc. v. Transport Insurance Co.*, Case No. 1:08-cv-00491-BLW. In *Wells Cargo*, the Court explained that although case law on the issue is limited, the district court's decision in *Hi-Mill Mfg. Co. v. Aetna Cas. & Sur. Co.*, 884 F. Supp. 1109, 1116-17 (E.D. Mich. 1995) is instructive. In *Hi-Mill*, the district court ruled that the policyholder was entitled to summary judgment that the RI/FS costs it was incurring constituted defense costs. *Hi- Mill*, 884 F. Supp. at 116-17. The court stated that a policyholder's receipt of a PRP letter places it in a defensive position critically important for the policyholder to perform the RI/FS to participate in developing the administrative record. *Id*. at 1117. Because the policyholder "conducted an RI/FS study for the sole purpose of minimizing or absolving itself of liability," the RI/FS expenses "were expended in defense of the underlying CERCLA action." *Id*. at 1111. This Court generally agreed with that reasoning.

The Court then explained, however, that it does not, and in fact could not at that point, specifically determine which cost items are defense costs. The Court could only rule that RI/FS costs generally are defense costs. The Court indicated that it may need to

MEMORANDUM DECISION AND ORDER - 2

conduct an evidentiary hearing to make specific findings on the issue at some point.

The parties in this case no doubt keep themselves up to date on the rulings in *Wells Cargo*. Thus, OneBeacon has to be keenly aware of this Court's position on RI/FS costs. Still, OneBeacon spends the majority of its brief in support of its motion to reopen discovery trying to convince the Court to essentially reconsider and conclude that RI/FS costs are not defense costs. The Court will not re-examine that issue. The explanation above will suffice.

**2.    Motion for Leave to Reopen Discovery**

Once the deadline for completing discovery set forth in the Case Management Order has passed, a party must show good cause to justify reopening discovery. Fed.R.Civ.P. 16(b). "Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks omitted).

This case is a bit outside the general rule for reopening discovery because it is an environmental cleanup case being litigated in phases. Plus, as the Court mentioned in the related *Wells Cargo* case, deciphering which cost items are defense costs may require

some additional discovery and an evidentiary hearing. Moreover, both parties agree that additional discovery is necessary; however, they don't agree on when it should be done. OneBeacon wants to do it now. Huntsman wants to do it after the RI/FS is completed. So the real question before the Court is simply whether to allow limited discovery to determine which RI/FS costs are defense costs now, or postpone it until after the RI/FS is completed.

OneBeacon indicates that it seeks only limited discovery. OneBeacon wants "to obtain documents relating to the work performed since the close of discovery, depositions of Huntsman and its consultants regarding work performed since the close of discovery, and possibly interrogatories related thereto." *Def's Mem. in Support of Motion for Leave to Reopen Discovery*, p.16, Dkt. 127-1. OneBeacon wants to determine the reasonableness and necessity of the site investigation expenses, and determine whether Wells Cargo, another potentially responsible party, has paid any portion of the work at the site.

There is no good reason to delay at least some of this discovery. However, it will be more efficient if the parties sit down and try to work out an agreement on the scope of the discovery, and the most efficient way to proceed. The parties in the *Wells Cargo* case have been able to work through some similar issues, and there is no reason the parties in this case cannot do the same. Accordingly, the Court will order the parties to meet and confer about conducting limited discovery. To the degree the parties cannot work out an

agreement, they may contact the Court for guidance. The first line of assistance will be to contact Jeff Severson, the law clerk assigned to this case. He may be able to informally assist counsel in working through their disagreements. If counsel is nevertheless unable to reach agreement, the Court will engage in a similar informal discussion with counsel. If that effort is unsuccessful, the Court will resolve the dispute on the merits following limited briefing and an expedited hearing.

**3.     Motion for Leave to File Third-Party Complaint**

OneBeacon asks for leave to file a third-party complaint against additional insurers potentially liable for Huntsman's defense and indemnity costs. Rule 14 permits third-party complaints. Fed. R. Civ. P. 14(a). The decision whether to implead a third-party defendant is left to the sound discretion of the trial court. *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). The purpose of impleader is to promote judicial efficiency by avoiding separate actions against third parties who may be liable to defendant for part or all of plaintiff's original claim. 6 Fed. Prac. & Proc. Civ § 1442 (3d ed.). Impleader also helps avoid inconsistent outcomes for claims based on the same or similar evidence. Id.

Impleader is appropriate where a defendant "is attempting to transfer to the third party defendant the liability asserted against him by the original plaintiff." *Stewart v. American Int'l Oil 7 Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988). The third-party's liability must be "in some way dependent on the outcome of the main claim and [be] secondary or derivative thereto." *Id*. at 199 (citation omitted). In other words, the third-

MEMORANDUM DECISION AND ORDER - 5

party defendant's liability must be contingent on the success of the plaintiff's main claim, and must be for losses that the third-party plaintiff incurs in his capacity as defendant to plaintiff's claims. *In re Street*, 283 B.R. 775, 780 (Bankr.D.Ariz. 2002). It is not enough that the third-party claim simply arise out of the same set of facts as the original claim. *Stewart*, 845 F.2d at 200.

In exercising discretion whether to grant leave to file a third-party complaint, courts have considered a number of factors, including: (1) timeliness of the motion; (2) whether impleader would delay or unduly complicate the trial; and (3) prejudice to the third part. 6 Fed. Prac. & Proc. Civ § 1443 (3d ed.); see *M.O.C.H.A. Society, Inc. v. City of Buffalo*, 272 F.Supp.2d 217 (W.D. N.Y. 2003)(also including, as a consideration, whether the third-party complaint states a claim on which relief can be granted); *Zero Tolerance Entertainment, Inc. v. Ferguson*, 254 F.R.D. 123, 127 (C.D.Cal. 2008).

Huntsman does not oppose OneBeacon filing its third-party complaint so long as OneBeacon is not allowed to use the complaint to re-argue allocation issues.[1] The Court has already determined that OneBeacon is jointly and severally liable for defense costs in this case. *Memorandum Decision and Order*, p. 19, Dkt. 122. In response, although OneBeacon seems to suggest that the Court's earlier decision is not final, OneBeacon ultimately states that "Huntsman will continue to receive defense cost reimbursements

---

[1] Huntsman makes an argument that the motion is not timely, but states that it does not oppose the motion based on timeliness. Accordingly, the Court will not address the timeliness issue.

**MEMORANDUM DECISION AND ORDER - 6**

[and] can continue to investigate and remediate the site. . . ." *Defs' Repy in Support of Motion for Leave to File Third-Party Complaint*, p. 7, Dkt. 132. OneBeacon suggests that the addition of the third-party insurers is simply a way for "OneBeacon [to seek] contribution form the Hartford carriers for amounts [OneBeacon] has paid or owes to Huntsman." *Id*. Under these circumstances, the Court finds that Huntsman will not be prejudiced by allowing OneBeacon to file its third-party complaint so it can seek contribution from other potentially liable insurers. Moreover, it is much more efficient for this Court to referee such a dispute in the context of this case. Accordingly, the Court will grant the motion.

## ORDER

**IT IS ORDERED:**

1. Defendants' Motion for Leave to Reopen Discovery in Compliance with Dkt . 122 (Dkt. 127) is **GRANTED**. The parties shall meet and confer about conducting limited discovery. To the degree the parties cannot work out an agreement, they may contact Jeff Severson, the Law Clerk assigned to this case. He may be able to assist counsel in resolving their disagreements.  If that proves unsuccessful, the Court will engage in a similar, informal discussion with counsel.  If that fails, the Court will resolve the issue on the merits following limited briefing and an expedited hearing.

2. Defendants' Motion for Leave to File Third Party Complaint (Dkt. 128) is

**MEMORANDUM DECISION AND ORDER - 7**

**GRANTED**.



DATED:  **October 25, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge